Sanders , J.
This is a defamation action which stems from the posting of an article, on an internet website, describing a lawsuit against the plaintiff Sabatino Abate brought in 1995. The article first appeared on the website in 1996. This lawsuit was filed on August 6, 2003. Those defendants who still remain in this case[1] now move to dismiss the action on statute of limitations grounds (as well as many other grounds). After hearing and careful review of the parties’ submissions, I conclude that the Motion must be Allowed.
In determining whether to dismiss this case, the Court assumes that all of the allegations in the Complaint are true. Thus, this Court assumes for purposes of this Motion that the publication at issue was false and defamatoiy. According to the Complaint, the publication first appeared on the website of the defendant Maine Antique Digest (“MAD”) in March 1996, and has appeared there continuously since then. The plaintiff first learned about the article about nine months before bringing suit. In addition to MAD, the plaintiff has named as a defendant MaineStreet Communications, an internet services provider which provides internet users access to websites on the internet.[2] An internet search using Abate’s name produces a link to the MAD website such that (as the Complaint states), the article is “easily accessible” to “thousands of people on a daily basis.”
The limitations period applicable to this case is three years. G.L.c. 260, §2A. That is, plaintiff has three years from the date that his cause of action “accrues” in which to bring an action. In libel cases like this one,[3] the cause of action accrues on the date that the defamatoiy statement is published. Flynn v. Associated Press, 401 Mass. 776, 780 (1988). Where a publication appears continuously or where multiple copies are distributed over a period of time or in different places, Massachusetts courts have adopted a “single publication rule,” pursuant to which the limitations period is measured as of the date upon which the work was first made widely available to the public. See Haberman v. Hustler Magazine, Inc., 626 F.Sup. 201, 216 (D.Mass. 1986), and cases cited therein; see also Restatement (Second) of Torts, 557A (1977). Although there is no case directly on point in Massachusetts, courts in other states have applied this single publication rule to generally accessible internet publications. See, e.g., Van Buskirk v. New York Times. Co., 325 F.3d 87, 90 (2d Cir. 2003); Mitan v. Davis, 243 F.Sup.2d 719 (W.D.Ky. 2003); Firth v. New York, 98 N.Y.2d 365, 747 N.Y.S.2d 69, 775 N.E.2d 463 (2002); cf. Swafford v. Memphis Individual Practice Ass’n, 1998 Tenn.App. LEXIS 361, 1998 WL 2819356 (Tenn.Ct.App. 1999) (refusing to apply rule to private confidential internet-based data bank which was not generally accessible to the public). To hold otherwise and treat internet publications differently would result *289 in the endless retriggering of the statute of limitations, thus exposing those who “publish” information on the internet to a multiplicity of lawsuits and thereby inhibiting the open dissemination of information and ideas. Firth, 98 N.Y.2d at 370.
In opposing this Motion, plaintiff argues that this Court should apply a discovery rule so as to toll the statute of limitations because the existence of this article on MAD’s website was “inherently unknowable.” As the Supreme Judicial Court has stated, however, the discovery rule has no application to publications that are widely available to the public. Flynn, 401 Mass, at 781. Plaintiff counters that the internet has only recently been widely used, so that there is at least a question of fact as to when the plaintiff should have known about the article in question. The allegations in the Complaint, of course, do not support this position (those allegations describing the article as continuously appearing on the website since 1996, “easily accessible,” and available to thousands of people); nor has plaintiff sought to amend the Complaint to add new allegations in the face of this Motion. Certainly, the internet was no longer a novelty by the late 1990s. Moreover, as already stated above, this Court sees no reason why those who disseminate information on the internet should be afforded less protection from lawsuits than other purveyors of information to the public.
For all the foregoing reasons, the Defendants’ Motion to Dismiss is ALLOWED and it is hereby ORDERED that the Complaint be DISMISSED, with prejudice.

The Complaint at one time named two individuals as defendants, as well as Google, Inc. Those defendants have since been dismissed from this case.

MaineStreet Communications has separately filed a Motion for Summary Judgment, contending that, as an “interactive computer service,” it cannot, as a matter of law, be considered a “publisher or speaker” of the article in question. See 47 U.S.C. §230(c)(1). Although this Motion appears to have substantial merit, this Court need not decide this Motion since I conclude that the action is time-barred.

Although plaintiff also alleges intentional interference with business relationships and intentional and reckless infliction of emotional distress, each of these claims is governed by the same three years limitations period, with the accrual date being the date of publication. That is because the “gist of the action” is one for libel, regardless of what label plaintiff chooses to use. See Flynn, 401 Mass, at 782.